# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TANYA BARNES and JENNIFER LONDON, on behalf of themselves and all similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Collective Action |
| v. | ) ) | No. _____ |
| CUMBERLAND PEDIATRIC DENTISTRY AND ORTHODONTICS, PLLC, CUMBERLAND PEDIATRIC DENTISTRY AND ORTHODONTICS OF COOKEVILLE, PLLC, CUMBERLAND PEDIATRIC DENTISTRY OF LAWRENCEBURG, PLLC, CUMBERLAND PEDIATRIC DENTISTRY AND ORTHODONTICS OF MURFREESBORO, PLLC, BRYAN BYRNSIDE, JENNIFER HOUSE, BRENT MILLER, JACK STALKER, FELIX VINCENT, and PETER WOJTKIEWICZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge _____ Jury Demand |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Tanya Barnes ("Barnes") and Jennifer London ("London")("Plaintiffs"), on behalf of themselves and all other similarly situated individuals (the "Putative Class"), hereby file this Complaint against Defendants Cumberland Pediatric Dentistry and Orthodontics, PLLC ("CPDO"), Cumberland Pediatric Dentistry and Orthodontics of Cookeville, PLLC ("CPDOC"), Cumberland Pediatric Dentistry and Orthodontics of Lawrenceburg, PLLC ("CPDOL"),

Cumberland Pediatric Dentistry and Orthodontics of Murfreesboro, PLLC ("CPDOM")(CPDO, CPDOC, CPDOL, and CPDOM known collectively as "Cumberland Pediatric"), Bryan Byrnside ("Byrnside"), Jennifer House ("House"), Brent Miller ("Miller"), Jack Stalker ("Stalker"), Felix Vincent ("Vincent"), and Peter Wojtkiewicz ("Wojtkiewicz") (all defendants collectively known as "Defendants") and respectfully allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is an action for damages for unlawful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and, specifically, the collective action provision of the act found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which deprived Plaintiffs, as well as those similarly situated to the named Plaintiffs, of their lawful wages. Defendants have violated the overtime and/or record keeping provisions of the FLSA.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action and Plaintiff's claims arise under laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred within this District and Defendants are located, reside, and/or do business in this District

4. Plaintiffs are citizens of the United States and reside in Tennessee. At all times material herein, Plaintiffs and the Putative Class have been employed by Defendants as office workers, dental assistants, and dental hygienists. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such consents are attached to this Complaint as Exhibit A. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b).

5. Cumberland Pediatric defendants are professional limited liability companies licensed to do business in the State of Tennessee. Their registered agent for services of process is Brent Miller, 739 President Place, Suite 200, Smyrna, Tennessee 37167. Cumberland Pediatric defendants are therefore subject to personal jurisdiction in Tennessee for the purpose of this lawsuit.

6. Defendants Byrnside, House, Miller, Stalker, Vincent, and Wojtkiewicz are and/or were the owners, board members, members, corporate officers and/or managing agents of one or more Cumberland Pediatric defendant. They did and/or do control directly or indirectly the management of the Defendants. They have actively engaged in business in the State of Tennessee and are subject to the personal jurisdiction of the State of Tennessee for the purposes of this lawsuit.

## **CAUSE OF ACTION – FLSA**

7. Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to the FLSA.

8. At all times material to this Complaint, Plaintiffs and the Putative Class were employed by the Defendants as office workers, dental assistants, and dental hygienists in Tennessee.

9. At all times material herein while employed by Defendants, Plaintiffs were engaged in activities in interstate commerce.

10. Defendants are an "employer" within the meaning of 29 U.S.C. § 203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).

11. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.00.

12. The overtime provisions set forth in §207 of the FLSA apply to Defendants, to Plaintiffs, and to the Putative Class while Plaintiffs and the Putative Class were employed by Defendants.

13. At all times material to this Complaint, Defendants failed to post the wage and hour notices required by the FLSA and accompanying regulations. Accordingly, the doctrine of equitable tolling should be applied to toll the statute of limitations for the longest period that the Court deems appropriate. Plaintiffs have been employed by Defendants within the last two years.

14. Plaintiffs' and the Putative Class' duties were those of an hourly, non-exempt employee, specifically office worker, dental assistant, and dental hygienist.

15. Plaintiffs and the Putative Class routinely worked in excess of 40 hours per week but were never paid an overtime premium as required by the FLSA.

16. Plaintiffs worked hours while employed by Defendants for which they received no compensation and/or for which they were improperly paid at rates less than one and one-half times their normal hourly rate.

17. Defendants' actions, as set forth more fully below, in failing to compensate Plaintiffs in accordance with the overtime provisions of the FLSA were willful.

18. Defendants have engaged in conduct and actions that are deliberately designed to circumvent the overtime pay requirements set for in § 207 of the FLSA. Specifically, Defendants knowingly misclassified Plaintiffs and the Putative Class as exempt workers in an effort to avoid compensating them for hours worked in excess of 40 per week at the rate required under the FLSA.

In addition, Defendants circumvented the overtime pay requirements of § 207 of the FLSA by regularly paying overtime pay only if an employee worked in excess of 80 hours in a two-week period rather than if an employee worked in excess of 40 hours in a one-week period. Further, Defendants knowingly required Plaintiffs to perform work duties and activities prior to "clocking-in" for the day without compensation.

19. 29 U.S.C. §207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per week. Since January 20th, 2014 and before, Defendants have violated, and are continuing to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate Plaintiffs and other persons working for Defendants in the positions of office worker, dental assistant, and dental hygienist for their hours of work in excess of 40 hours per week at a rate of not less than one and one-half times the regular rate at which the Plaintiffs are employed.

20. As a result of the violations of the FLSA, Plaintiffs and the Putative Class have suffered damages by failing to receive compensation during their tenure of employment with Defendants. In addition to the amount of unpaid wages owing to the Plaintiffs and the Putative Class, they are also entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

21. Plaintiffs and the Putative Class are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

22. Defendants' actions in failing to compensate Plaintiffs and the Putative Class in accordance with the provisions of the FLSA were not in good faith.

23. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records of

Plaintiffs and the Putative Class from which the amounts of the Defendants' liability can be ascertained.

24. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of Defendants who have been employed by the Defendants as office workers, dental assistants, and dental hygienists for any individual or entity using the Cumberland Pediatric Dentistry and Orthodontics name should receive notice and the opportunity to join the present lawsuit. According to the Cumberland Pediatric website, www.cumberlandpediatricdentistry.com, Cumberland Pediatric has locations in five cities in Tennessee, each location with a dedicated staff of office workers, dental assistants, and dental hygienists.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, the named, representative Plaintiffs, individually, and on behalf of all other similarly situated persons, pursuant to 29 U.S.C. § 216(b), pray for the following relief:

1. that process issue against Defendants and that Defendants be required to answer within the time period provided by applicable law;

2. that the Court issue notice to all similarly situated persons;

3. that other similarly situated past or present employees be given the opportunity to join this lawsuit as party-plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

4. that Plaintiffs, and all others who file consents, be awarded damages in the amount of their unpaid wages, an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgement interest;

5. that Defendants be required to pay Plaintiffs' attorneys' fees;

6. that Defendants be required to pay the costs and expenses of this action;

7. that Plaintiffs be granted such other, further, and general relief to which they may be entitled; and,

8. that a jury be impaneled to hear this cause of action.

Respectfully submitted,

Tim Lee Law Firm

*/s/ Timothy M. Lee*
Timothy M. Lee (#32222)
Attorney for Plaintiffs
1033 Demonbreun St., Suite 300
Nashville, Tennessee 37203
P: (615) 988-0090
F: (615) 630-6430
tim@timleelawfirm.com